POWELL, J.
This case has been submitted to this court upon a demurrer to the second defense in the amended answer.
The basis of the action, as set forth in the petition, is to quiet the title to certain real estate claimed to be owned by the plaintiff herein.
The petition avers that plaintiff executed two deeds for certain real estate described therein, making the defendant, Edward W. Swisher, the grantee; that he placed said deeds, in the iron safe of Dan S. Ambaek in the city of Columbus, Ohio, for safe-keeping, and that afterwards said Ambaek, without any authority from plaintiff, and without his knowledge or consent, took both of said deeds from said safe and left them with the recorder of Licking county, Ohio, for record, and that they were recorded in the records of said recorder’s office in said Licking county, Ohio; that said deeds were never delivered by plaintiff to any one, nor were they intended to be delivered, and said premises were never legally conveyed to said Edward W. Swisher; that plaintiff has always been in possession of said premises, and now has full control over the same, and has spent *308 large sums of money thereon for improvements, believing thát he was still the owner thereof; that he has frequently demanded of the said defendant, Edward W. Swisher, to reconvey said premises to him, but he refused to do so and the defendant claims to be the owner of same. The deeds were executed in 1894 and 1896 and were left for record by said Amback in May, 1897. The petition of plaintiff was filed August 11, 1914. Said petition prays that the claim of defendant in and to said premises be declared null and void and that said deeds be set aside and plaintiff’s title to said real estate be quieted, etc.
The second defense of the amended answer avers that plaintiff’s cause of action, as set out in his petition, did not accrue within four years prior to the commencement of said action and is, therefore, barred by the statute of limitations.
The demurrer to the second defense searches the record and, from an examination of the allegations in the petition, it will be observed that the defendant- is not now and never was in possession of the premises in question. It will further be observed from the allegations in the petition that the defendant never had possession of said deeds and never had title to the real estate in question either actually or constructively and, never having had the title or possession of and to said premises, we do not understand how the defendant can properly claim that the statute of limitations has run against the plaintiff, because the defendant never having had either possession or title of and to said premises, so far as the averments in the petition disclose, it is not within the power of the defendant to set up as a proper defense the statute of limitations.
Upon the issue raised by the allegations of the petition and the defense of the statute of limitations, as set out in the second defense of the amended answer, we feel that the demurrer is well taken and should be sustained.
The demurrer is sustained.
Shields and Houck, JJ., concur.